

Justin D. Ward
+1 617 570 1499
JWard@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, Massachusetts 02210

goodwinlaw.com
+1 617 570 1000

January 17, 2025

**BY ECF**

The Honorable Analisa Torres
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *Crest Global Technology, LLC et al. v. Crown Global Secondaries V Master SCSP et al.*,
No. 1:25-mc-00029-AT

Dear Judge Torres:

We represent Defendants in the above-captioned action.  While the only matter currently before the Court is a motion to seal, Defendants are compelled to appear at this early state given the extraordinary relief (an *ex parte* TRO) that Plaintiffs intend to seek once the motion to seal is granted.

In this miscellaneous action, Plaintiffs seek leave to file a TRO application under seal.  Plaintiffs' motion papers seek *ex parte* relief against Defendants:  Plaintiffs request that, before Defendants have had an opportunity to be heard, the Court enter an Order to Show Cause providing that "Defendants are temporarily restrained and enjoined from dissipating any future Distributions that they received from the DST assets, as they are defined in the Complaint."  (ECF No. 1-12 (Proposed Order to Show Cause) at 2.)

Plaintiffs' request for *ex parte* injunctive relief is extraordinary given that this is a contract case for monetary relief.  The Complaint seeks "[d]amages in an amount to be proven at trial, but not less than $22,000,000."  (ECF No. 1-3 (Complaint) at page 16.)  "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."  *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005).  A narrow exception applies "when the defendant is insolvent or on the brink of insolvency."  *Frommer v. MoneyLion Techs. Inc.*, 2023 WL 6850324, at *2 (S.D.N.Y. Oct. 17, 2023).

Plaintiffs have not established that Defendants are on the brink of insolvency such that they cannot satisfy a potential money judgment of $22 million.  The sole factual support for Plaintiffs' extraordinary request is a vague statement in a declaration that "an LGT representative informed Crest that LGT did not have the funds to pay Crest because LGT had distributed the funds that it received from the DST Assets to its limited partners."  (ECF No. 1-6 (Gregory Keever Declaration) ¶ 22.)  A "conclusory and speculative claim that there is a real danger that [] assets could be dissipated" is not sufficient basis to establish irreparable harm.  *Mar-Can Transportation Co., Inc. v. Loc. 854 Pension Fund*, 2024 WL 3887191, at *11 (S.D.N.Y. Aug. 21, 2024) (denying stay pending appeal for lack of irreparable harm).



The Honorable Analisa Torres
January 17, 2025
Page 2

Plaintiffs' assertions are not just vague and conclusory, but false. Defendants have adequate cash reserves to satisfy a potential judgment of $22 million. Defendants are prepared to submit bank statements showing that, as of December 31, 2024, Defendants' bank accounts held more than $100 million in cash. And, of course, cash is not Defendants' only asset: they also have unfunded capital commitments from their investors, lines of credit in excess of $200 million, and less liquid investments. Those additional assets run to the **billions of dollars**. There is no viable argument that Defendants are unable to satisfy a judgment of $22 million.

Accordingly, the Court should deny Plaintiffs' extraordinary request for injunctive relief. At a minimum, the Court should not enter any injunctive relief before Defendants have had an adequate opportunity to brief the TRO application and be heard on the matter.

Respectfully submitted,

/s/ Justin D. Ward

Justin D. Ward
Goodwin Procter LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: 617-570-1000
Fax: 617-523-1231
jward@goodwinlaw.com


cc:     All Counsel of Record (via ECF)
        Joseph P. Rockers, Goodwin Procter LLP (via email to JRockers@goodwinlaw.com)